Bibdie Amsterdam, J.
Defendants move for reargument of their motion for summary judgment dismissing the complaint. They urge that the proceedings in the Federal jurisdiction were pursued as they were pursuant to rule 56 of the Buies of Practice in Admiralty and Maritime Cases (Admiralty Bules, U. S. Code, tit. 28, Appendix) not by reason of their agreement but by unilateral agreement of plaintiff’s counsel with the court, that the defendants were not bound thereby despite their presence during the argument and failure to raise objection and plaintiff could have litigated his claim against these defendants as well as against the United States. As the matter went, plaintiff failed against the United States and his claims against the remaining defendants brought into that action were deemed moot.
The contention that defendants were not under duty to speak is without merit. Thereby they gambled with the procedure as fixed in the pretrial colloquy to obtain a supposed exoneration in the event plaintiff failed against the United States without commitment by utterance of any word of assent or dissent and having won thereby a Pyrrhic victory it now urges the pretrial agreement is not binding and plaintiff should have proceeded further and against the understanding and the decision of the court.
If there was error in the procedure resulting in failure to continue to inquire into and to determine the liability of the other defendants because in that manner it became moot, defendants may not now be heard to turn such error, if error there was, into res judicata. While defendants argue as barred from further consideration all matters litigated or which might have been litigated, they cannot urge, because there does not exist, any judgment on the merits of the matters which were or could have been litigated between the plaintiff and these defendants in the prior litigation.
Plaintiff had not had his day in court for it was withdrawn upon a stated event which occurred, failure against the United *863 States. Certainly there was no discontinuance by the plaintiff of the former action against these defendants as the latter contend. Bather, as already indicated, defendants’ separation from that action resulted from judicial application of rule 56 and the subsequent failure against the United States.
The motion for reargument is denied.